# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  
MARIA LYNN MYERS,  
Executrix of ESTATE OF VINCENT  
LOUIS MATASSA  
           Petitioner,  
v.  

SECRETARY OF HEALTH  
AND HUMAN SERVICES,  

           Respondent.  
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 20-424V

Special Master Christian J. Moran

Filed: September 2, 2022

Stipulation; influenza vaccine; encephalopathy.

Ronald Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Ronalda Kosh, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On August 25, 2022, the parties filed a joint stipulation concerning the petition for compensation filed by Maria Myers on April 14, 2020. Petitioner alleged that the influenza vaccine Vincent Matassa received on September 18, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer from an encephalopathy that eventual resulted in his death. Petitioner further alleges that Mr. Matassa suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of Mr. Matassa's injury.

Respondent denies that the influenza vaccine caused Mr. Matassa to suffer from encephalopathy or any other injury.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $125,000.00 in the form of a check payable to petitioner as executrix on behalf of the estate of Mr. Matassa. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIA LYNN MYERS, Executrix of the Estate of VINCENT LOUIS MATASSA, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 20-424V <br> Special Master Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Maria Myers ("petitioner"), as executrix on behalf of the estate of the deceased, Vincent Louis Matassa, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to Mr. Matassa's receipt of the influenza ("Flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Matassa received the flu vaccine on September 18, 2018.

3. The vaccine was administered in the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Matassa suffered encephalopathy which subsequently caused his death on October 21, 2018.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Matassa as a result of his alleged vaccine injury or death.

1

6. Respondent denies that the flu vaccine caused Mr. Matassa to suffer from encephalopathy, or any other injury; and denies that his death is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $125,000.00, in the form of a check payable to petitioner as executrix on behalf of the estate of Mr. Matassa. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Matassa's estate under the laws of the State of Delaware.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Mr. Matassa's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of Mr. Matassa's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of Mr. Matassa's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, as executrix on behalf of the estate of Vincent Louis Matassa, and on behalf of Mr. Matassa's heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr.

Matassa resulting from, or alleged to have resulted from the flu vaccine administered on September 18, 2018, as alleged in a Petition filed on April 14, 2020, in the United States Court of Federal Claims as petition No. 20-424V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Matassa's alleged encephalopathy, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as executrix on behalf of the estate of Vincent Louis Matassa hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Maria Lynn Myers*
MARIA LYNN MYERS

**ATTORNEY OF RECORD FOR PETITIONER:**

*Ronald C. Homer by Christina Ciampolillo Rule 83.1(c)(2)*
RONALD C. HOMER
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Phone: (617) 695-1990
Fax: (617) 695-0880

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Darryl R. Wishard, Acting Deputy Director*
For HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.08.09 17:45:24 -04'00'

CDR GEORGE REED GRIMES, M.D., MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Ronalda E. Kosh*
RONALDA E. KOSH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
ronalda.kosh@usdoj.gov
(202) 616-4476

Dated: 8/23/2022

5