# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
MARIA LYNN MYERS, executrix of    *
ESTATE OF VINCENT LOUIS       *
MATASSA,                                      *
                                                *   No. 20-424V
                 Petitioner,     *   Special Master Christian J. Moran
                                                *
v.                                        *   Filed: October 26, 2023
                                                *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,         *
                                                *
                 Respondent.    *
* * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Ronalda E. Kosh, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      Pending before the Court is petitioner's motion for final attorneys' fees and costs. She is awarded a total of $56,877.46.

                     \*     \*     \*

      On August 25, 2022, the parties filed a joint stipulation concerning the

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

petition for compensation filed by Maria Myers on April 14, 2020. Petitioner alleged that the influenza vaccine Vincent Matassa received on September 18, 2018, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer from an encephalopathy that eventually resulted in his death. Petitioner further alleges that Mr. Matassa suffered the residual effects of this injury for more than six months. Following respondent's contestment of entitlement, petitioner filed an expert report from Dr. Bart Chwalisz, a neuro-ophthalmologist. Thereafter, the parties agreed to explore settlement and on August 25, 2022, the parties filed a joint stipulation, which the undersigned adopted as his decision awarding compensation on September 2, 2022.

On February 17, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $48,381.40 and attorneys' costs of $10,496.06 for a total request of $58,877.46. Fees App. at 2. Pursuant to General Order No. 9, petitioner filed a statement indicating that personal costs of $7,282.39 were incurred during the prosecution of this case. Id. On March 3, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

    A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel at Conway, Homer, P.C.:

| Attorney | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| Ronald Homer | X | $447 | $447 | $475 | X |
| Meredith Daniels | $320 | $350 | $350 | $410 | $410 |
| Christina Ciampolilo | X | $380 | $380 | $425 | $425 |
| Joseph Pepper | X | $355 | $355 | X | X |
| Nathaniel Enos | X | X | X | $280 | X |
| Patrick Kelly | X | $225 | $225 | $250 | X |
| Paralegals | $145 | $155 | $155 | $170 | $170 |

3

These rates are consistent with what Mr. Homer and the attorneys of Conway, Homer, P.C., have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Kaiser v. Sec'y of Health & Human Servs., 20-1096V, 2023 WL 2622520 (Fed. Cl. Spec. Mstr. Mar. 24, 2023).

      B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Concerning the time billed by Conway, Homer, P.C., a reduction must be made for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. See Order, issued May 4, 2020, at 3 (noting a concern about having multiple attorneys work on a case). In the undersigned's experience, the Conway, Homer firm stands out in that other firms, who also competently represent petitioners, do not engage in the same practice of having multiple attorneys charge for reviewing routine submissions. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

The undersigned has previously cautioned counsel that due to the repetitive nature of these issues, in future cases in which the same issues arise a reduction will be increased beyond the mere time billed to reflect both a reduction of inappropriately billed time and a deterrent aspect to offset the incurred use of judicial resources that are wasted in addressing them. See C.H. v. Sec'y of Health & Hum. Servs., No. 18-1920V, 2023 WL 34613, at *2 (Fed. Cl. Jan. 4, 2023) ("the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources

4

necessary to address these repetitive issues"); Burgos v. Sec'y of Health & Human Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022);[2] see also Valdes v. Sec'y of Health & Human Servs., No. 99–310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (warning an attorney (not from Conway Homer) that penalties may be necessary to motivate him to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009). It cannot be the case that attorneys can freely submit excessive bills and the only consequence is that the billing is reduced to an amount that should have been submitted initially. If that were the system, then attorneys would be incentivized to submit higher and higher bills. The undersigned finds a total reduction of $2,000.00 to the attorneys' fees to be appropriate.

Attorneys at Conway, Homer are further advised that additional reductions / penalties may be imposed. Petitioner is therefore awarded final attorneys' fees of $46,381.40.

    C.    <u>Costs Incurred</u>

        i. Attorney Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners' requests a total of $10,496.06 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage costs, and expenses incurred by petitioner's expert, Bart Chwalisz, M.D. Dr. Chwalisz has previously awarded the rate of $500.00 per hour for his expert work. See Parker v. Sec'y of Health & Human Servs., No. 18-1325V, 2022 WL 1055477 (Fed. Cl. Spec. Mstr. Mar. 23, 2022). The undersigned finds this rate to be reasonable and awards it herein.[3] Petitioner has provided adequate documentation supporting the requested costs and all are

---

[2] After Burgos, the undersigned has warned attorneys from Conway, Homer at least four times to stop billing for additional review of routine materials.

[3] With respect to the number of hours, Dr. Chwalisz's invoice contains some entries for a relatively long amount of time but with relatively little detail. Fee App'n, tab B, at 14. Dr. Chwalisz is advised that such billing may be reduced in the future. See Instructions, issued Jan. 21, 2021, at 8.

reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $10,496.06.

ii. Petitioner's Costs

Petitioner requests $7,282.39 in costs personally incurred in this matter. (ECF No. 72). These expenses are time and costs petitioner paid to The Law Offices of Susan Pittard Weidman, P.A., for preparation of the Estate of Vincent Louis Matassa. Fees App. at pdf 51 – 53. During the proceedings, petitioner transferred the probate work to Morris James, LLC, which completed the work in probate. Id. at pdf 56 – 75.

Whether the expenses incurred in probate would have been incurred but for the claim in the Vaccine Program is not entirely clear. Ms. Myers attested the "estate was established primarily to prosecute this claim in the Vaccine Program." Exhibit 16 ¶ 10. The term "primarily" suggests that probate proceedings might have been required for other (or secondary) reasons. While her Vaccine Program attorney asserted that the "Mr. Matassa's estate did not require probate," Fees App. at pdf 78-79, Ms. Myers did not support this statement with an affidavit from an attorney who represented her in probate. Ms. Myers also did not submit the various accountings, which would have documented some of the work performed by the probate attorneys.

Thus, whether Ms. Myers warrants reimbursement for all probate court work is unclear. The undersigned is mindful that the Secretary did not interpose an objection to this work. See Resp't's Resp., filed March 3, 2023. If the Secretary had objected and Ms. Myers did not submit additional information, the result might have been different. But, on the present record, the undersigned is satisfied that these costs were necessary for the instant proceedings and the undersigned shall award them in full.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows:

1) a lump sum of **$56,877.46** (representing $46,381.40 in attorneys' fees and $10,496.06 in attorneys' costs) in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Ronald C. Homer; and

2) a lump sum of **$7,282.39**, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

<div style="text-align:right">

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

</div>

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.